UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOVAN MIZORI,

        Plaintiff,

v.                                CASE NO. 5:09-CV-10824
                                HONORABLE JOHN CORBETT O'MEARA

CORRECTIONS OFFICER MILLER and
MICHIGAN DEPT. OF CORRECTIONS,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    Introduction**

Plaintiff, Kovan Mizori, a state prisoner confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging verbal harassment, religious discrimination, retaliation, and state law claims.  He names the Corrections Officer Miller and the Michigan Department of Corrections ("MDOC") as the defendants in this action and seeks compensatory and punitive damages.  The Court has granted Plaintiff's application to proceed without prepayment of the costs and fees for this action.

Having reviewed the Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and on the basis of immunity.  The Court also concludes that an appeal from this decision cannot be taken in good faith.

**II.     Factual Allegations**

In his complaint, Plaintiff alleges that on September 22, 2008, Corrections Officer Miller kicked his Ramadan bag into his cell.  Plaintiff then questioned Miller about simply passing his bag to him.  Miller "began to yell and use profanity, racial comments about his religion and Plaintiff's ethnic background."  Plaintiff further alleges that on September 23, 2008, Miller opened his door and threw his Ramadan bag into his cell, hitting him in the face, and called him a "Bitch."  Plaintiff asserts that Miller exhibited a "personal hatred" toward him, his personal beliefs, and his ethnic background.  He also claims that a major misconduct was written against him for filing a grievance.  Plaintiff also asserts that the MDOC should be held vicariously liable for Miller's actions and that the MDOC has failed to adequately investigate, train, and supervise its employees.  Plaintiff states that he exhausted his administrative remedies and attaches grievances and their responses to his complaint.

**III.    Discussion**

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous

if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) for failure to state a claim upon which relief may be granted and on the basis of immunity.

      A.      <u>Verbal Harassment/Religious and Ethnic Discrimination</u>

Plaintiff alleges that Corrections Officer Miller violated his constitutional rights by engaging in acts of verbal harassment and threats which constitute religious and ethic discrimination. It is well-established, however, that allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990); *see also Welch v. Chapman*, No. 07-CV-12334, 2008 WL 544618, *5 (E.D. Mich. Feb. 27, 2008) (adopting magistrate judge's report concluding that assistant deputy warden's alleged remark that he hates Farrakhan and his supporters did not support a free-standing constitutional

claim or a claim that the defendant deliberately discriminated against prisoner's religion).  Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights.  *See Miller v. Wertanen*, 109 Fed. Appx. 64, 65 (6th Cir. 2004).  Verbal threats and abuse made in retaliation for filing a grievance are likewise not actionable.  *See Carney v. Craven*, 40 Fed. Appx. 48, 50 (6th Cir. 2002).  Thus, while the Court does not condone the alleged conduct complained of, it must conclude that Plaintiff's allegations of verbal harassment and threats by Corrections Officer Miller fail to state a claim upon which relief may be granted under § 1983.

      B.      <u>Assault/Excessive Force</u>

Plaintiff also claims that Corrections Officer Miller assaulted him by throwing his Ramadan bag at him, striking him in the face.  A prisoner may state an Eighth Amendment claim for excessive force under § 1983 by alleging that he or she has been assaulted by a corrections officer.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  However, a prison inmate must allege facts sufficient to show that he suffered a serious or grave deprivation or harm to state such a claim.  *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The Eighth Amendment's prohibition of cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal quotations omitted); *see also Leary v. Livingston Co.*, 528 F.3d 438, 443 (6th Cir. 2008) (officer's karate chop to back of plaintiff's neck was *de minimis*); *Jackson v. Pitcher*, No. 92-1056, 1992 WL 133041 (6th Cir. June 16, 1992) (finding that guard's stomp on inmate's hand was *de minimis* and affirming district court's summary

dismissal of complaint); *accord Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). An absence of serious injury is relevant to the Eighth Amendment inquiry. *Hudson*, 503 U.S. at 7.

In this case, Miller's alleged action of throwing Plaintiff's Ramadan bag into his cell and striking him in the face on one occasion was a *de minimis* assault and was not the sort of force which is repugnant to the conscience of mankind. Furthermore, Plaintiff neither alleges nor establishes that he suffered any physical injury. Again, while the Court does not condone such conduct, it nonetheless concludes that Plaintiff has failed to state a claim upon which relief may be granted under § 1983 as to this issue.

    C.    Retaliation

Plaintiff also alleges that a major misconduct was written against him because he exercised his grievance rights. Government officials may not retaliate against someone for engaging in constitutionally-protected conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). The Sixth Circuit has concluded that a prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc). A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Id*. at 394. The plaintiff bears the burden of proof on all three elements. A plaintiff

must therefore allege and establish that the exercise of the protected right was a substantial or motivating factor in the alleged retaliatory conduct. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff has not done so. He merely asserts, in conclusory fashion, that a major misconduct was written against him because he filed grievances. He does not allege any facts to support this assertion. He does not allege what misconduct was written against him, when it was written, or by whom it was written, nor does he indicate whether he was found guilty of the misconduct. He does not explain how the misconduct charge relates to his use of the grievance process. He also does not allege facts to show an improper motive or to establish a causal connection between his use of the grievance process and the issuance of a misconduct or other retaliation. Conclusory allegations are insufficient to state a § 1983 claim, *see Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003), and bare allegations of malice are insufficient to establish a constitutional violation. *See Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Thaddeus-X*, 175 F.3d at 399. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to state a claim upon which relief may be granted. *See Murray v. Unknown Evert*, 84 Fed. Appx. 553, 556 (6th Cir. 2003) (citing cases). Plaintiff has failed to state a claim upon which relief may be granted under § 1983 as to this issue.

D. MDOC Vicarious Liability

Plaintiff also alleges that the MDOC should be held vicariously liable for the alleged improper actions in this case. It is well-established, however, that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *See Monell v.*

*Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *see also Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not alleged facts which indicate that the MDOC has violated his constitutional rights. His assertions that the MDOC has failed to properly supervise Miller or respond to the situation are insufficient to state a claim upon which relief may be granted under § 1983. Further, Plaintiff has not alleged facts showing that Miller's actions are the result of any MDOC custom, policy, or regulation. He has also not alleged facts indicating that Miller's actions arose from the MDOC's deliberate failure to adequately investigate, train, or supervise its employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). As noted, conclusory allegations are insufficient to state a civil rights claim under § 1983.

   E. Eleventh Amendment Immunity

  Plaintiff's claims against the MDOC and against Corrections Officer Miller in his official capacity for damages are also subject to dismissal based upon Eleventh Amendment immunity. The Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See Welch v. Texas Dep't. of Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66-71 (1989). Unless immunity is expressly

waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984); *Thiokol Corp. v. Dep't. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). The amendment also bars suits for monetary relief against state officials sued in their official capacity. *Thiokol Corp.*, 987 F.2d at 381. The Sixth Circuit has expressly held that the MDOC is immune from suit under the Eleventh Amendment. *See Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, *2 (6th Cir. Nov. 1, 2000) (unpublished); *Ritchie v. Michigan Dept. of Corr.*, 826 F.2d 1065, 1987 WL 38524, *1 (6th Cir. 1987) (unpublished). Plaintiff's claims against the MDOC and his claims for monetary damages against Corrections Officer Miller in his official capacity must therefore be dismissed.

   F.  State Law Claims

Plaintiff also raises several state law claims, *e.g.* assault and battery, in his complaint. The Court, in its discretion, may agree or decline to hear pendent state claims when all federal claims are dismissed. *See, e.g., United Mine Workers v. Gibb*, 383 U.S. 715, 725-26 (1966); *Province v. Cleveland Press*, 787 F.2d 1047, 1055 (6th Cir. 1986). However, such discretion has been characterized as minimal. *Province*, 787 F.2d at 1055. Only when there exists "overwhelming interests in judicial economy" that outweigh the interest in avoiding needless state law decisions may a district court exercise its discretion to decide pendent state claims. *Id.* No such interests exist in this case. Because the Court now dismisses Plaintiff's federal claims, the Court declines to retain jurisdiction over any state law claims.

**IV.** **Conclusion**

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a

claim upon which relief may be granted under 42 U.S.C. § 1983, that the MDOC is immune from suit, and that Corrections Officer Miller, in his official capacity, is immune on the claims for monetary damages. Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint.

The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: March 20, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 20, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager